UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO AGUILAR ALVAREZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 24-cv-08079-JD<br><br>**ORDER RE PETITION TO QUASH AND TO ENFORCE SUMMONSES** |

Petitioners Mauricio Aguilar Alvarez and Maria Ximena Diaz ask to quash three summonses issued by the Internal Revenue Service (IRS). *See* Dkt. No. 1. The summonses seek information about petitioners' finances from JPMorgan Chase Bank, N.A., Lincoln Financial Advisors, and Fidelity Investments, National Financial Services LLC (Fidelity Investments). *Id.* at 2. The IRS issued the summonses at the request of Spanish tax authorities pursuant to the Convention between the United States of America and the Kingdom of Spain for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income (U.S.-Spain Tax Treaty). *Id.* The treaty provides that if one party requests information, the other "shall use its information gathering measures to obtain the requested information, even though [it] may not need such information for its own tax purposes." U.S.-Spain Tax Treaty art. 27, ¶ 4, *amendment ratified* August 5, 2019, S. Treaty Doc. No. 113-4, 1990 WL 10696296.

The petition alleges that the IRS did not issue the summonses in good faith, with the requisite notice, or in compliance with the administrative steps required by the Internal Revenue Code, and that the summonses violate petitioners' Fourth and Fifth Amendment rights. *See* Dkt. No. 1. The United States moved for summary denial of the petition under 26 U.S.C. § 7609(b)(2)(A), and enforcement of the summonses. *See* Dkt. No. 10. The petition is denied and the summonses may be enforced.

**BACKGROUND**

The salient facts are not in dispute. Spanish tax authorities are examining petitioners' income and wealth tax liability for tax years 2018 to 2021. Dkt. No. 10-2 ¶¶ 6-7. Spain taxes employees posted to Spanish territories on income derived from Spanish sources. *Id.* ¶ 7. Spanish residents are taxed on their worldwide income and assets. *Id.* Petitioners were taxed only on their Spanish income sources because they claimed to be employees posted to Spanish territories, but Spanish tax authorities believe that petitioners should have been taxed on their worldwide income and assets because they have been Spanish residents since 2017. *Id.*

The Spanish authorities believe that petitioners hold assets at First Republic Bank, Lincoln Financial Advisors, and Fidelity Investments. *Id.* ¶ 8. Pursuant to the U.S.-Spain Tax Treaty, the Spanish authorities sent the IRS requests for information about petitioners for these financial institutions, *id.* ¶¶ 3-5, which they could not obtain in Spain, *id.* ¶ 10. Upon receipt of the requests, the IRS sent summonses to Lincoln Financial Advisors and Fidelity Investments. Dkt. No. 10-3 ¶¶ 4, 6. The summons to First Republic Bank was sent to JPMorgan Chase Bank, N.A., which acquired First Republic Bank. *Id.* ¶ 5. Notice copies of the summonses were sent to petitioners' address in Spain. *Id.* ¶¶ 3, 13, 15, 17. Notice copies of the summonses were intended to also be sent to petitioners' address in California, but an IRS tax specialist accidentally transposed the numbers in the street address. *Id.*

**DISCUSSION**

Under 26 U.S.C. § 7602(a), the IRS may issue a summons to determine "the liability of any person for any internal revenue tax." A summons may be issued at the request of a treaty partner. *Lidas, Inc. v. United States*, 238 F.3d 1076, 1081 (9th Cir. 2001) (citations omitted). Section 7602(d) prohibits the issuance of a summons "with respect to any person if a Justice Department referral is in effect with respect to such person." 26 U.S.C § 7602(d).

To enforce a summons, "the IRS need only demonstrate 'good faith' in issuing the summons." *Lidas*, 238 F.3d at 1081-82. To make a prima facie showing of good faith, the IRS must demonstrate that: "(1) the investigation will be conducted for a legitimate purpose; (2) the inquiry will be relevant to such purpose; (3) the information sought is not already within the

1  Commissioner's possession; and (4) the administrative steps required by the Internal Revenue
2  Code have been followed." *Lidas*, 238 F.3d at 1082 (citing *United States v. Powell*, 379 U.S. 48,
3  57-58 (1964)).  These factors are often referred to as the *Powell* requirements.  "The same test
4  applies where the IRS issues a summons at the request of a tax treaty partner." *Id.* at 1082 (citing
5  *United States v. Stuart*, 489 U.S. 353 (1989)).  In such cases, "the IRS need not establish the good
6  faith of the requesting nation." *Id.*
7       "The government's burden is a slight one, and may be satisfied by a declaration from the
8  investigating agent that the *Powell* requirements have been met." *Crystal v. United States*, 172
9  F.3d 1141, 1144 (9th Cir. 1999) (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th
10 Cir. 1993)).  A party opposing the summons bears the "heavy" burden of rebutting the
11 presumption of good faith, and "'must allege specific facts and evidence to support his allegations'
12 of bad faith or improper purpose." *Id.* (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th
13 Cir. 1997)).
14      The IRS has made a prima facie showing of good faith under the *Powell* requirements.
15 The declarations of Patricia Thomas, Program Manager of the IRS's Exchange of Information
16 Office, and Devika Jaipersaud, IRS Tax Law Specialist, establish that the summonses were issued
17 for the legitimate purpose of responding to requests from Spanish tax authorities under the U.S.-
18 Spain Tax Treaty.  Dkt. No. 10-2 ¶¶ 2-9, 12-15.  Summonses requested by treaty partners, like
19 those here, are authorized by section 7602(a), which allows summonses for the purpose of
20 "determining the liability of any person for any internal revenue tax." *Lidas*, 238 F.3d at 1081
21 (quoting 26 U.S.C. § 7602(a)).  The information will be responsive to Spain's requests.  Dkt.
22 No. 10-2 ¶ 14.  The information is not in the possession of the IRS. *Id.* ¶ 10; Dkt. No. 10-3 ¶ 11.
23 All requisite administrative steps were taken.  Dkt. No. 10-3 ¶ 12; *see also Stewart v. United*
24 *States,* 511 F.3d 1251, 1254-55 (9th Cir. 2008) (declaration need not "state with particularity
25 which of the required administrative steps the IRS complied with in issuing the summonses").
26 Overall, the declarations amply carried the government's initial burden of demonstrating good
27 faith. *See Lidas* 238 F.3d at 1082; *Crystal*, 172 F.3d at 1144.
28

1  Petitioners did not rebut the government's showing. Petitioners do not suggest that the summonses were issued for improper purposes "such as to harass the taxpayer or to put pressure on him to settle a collateral dispute" and the like. *Powell*, 379 U.S. at 58. Their main theory is that the summonses may be used in a criminal prosecution by Spanish authorities, even though petitioners adduced nothing in the way of evidence indicating that such criminal proceedings are threatened or underway. *See* Dkt. No. 1 at 6-8; Dkt. No. 13 at 5-7. This is said to evince bad faith on the part of the IRS because the agency may not use a summons to further a criminal prosecution. *See* Dkt. No. 1 at 6-8; Dkt. No. 13 at 5-7.

The point is not well taken. Petitioners are not subject to a referral to the Justice Department as contemplated by section 7602(d). There is also no concern here that the summonses threaten to "broaden the Justice Department's right of criminal litigation discovery or to infringe on the role of the grand jury as a principal tool of criminal accusation." *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 312 (1978) (citations omitted). The only possible criminal case petitioners face, which appears to be purely speculative at this time, is in Spain. This potentiality does not warrant quashing the summonses. "So long as the summons meets statutory requirements and is issued in good faith, as we defined that term in [*Powell*], compliance is required, whether or not the [foreign] tax investigation is directed toward criminal prosecution under [foreign] law." *Stuart*, 489 U.S. at 356.

Petitioners' other objections do not provide grounds for quashing the summonses. Petitioners mentioned these objections in the petition, but did not defend them in opposition to the government's motion. A good argument can be made that they abandoned the objections. *See McLemore v. Marin Hous. Auth.*, No. 20-CV-05431-JD, 2021 WL 4124210, at *2 (N.D. Cal. Sept. 9, 2021) (citing *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)).

Even so, the objections are not an impediment to enforcement of the summonses. Petitioners say they were entitled to 45 days' notice in advance of service on the banks under 26 U.S.C. § 7602(c)(l) and 26 C.F.R. § 301.7602-2(d)(l), but these provisions do not apply to tax liabilities imposed by a jurisdiction other than the United States. *See* 26 C.F.R. § 301.7602-2(c)(3)(i)(C); *see also Chen Chi Wang v. United States*, 757 F.2d 1000, 1002 (9th Cir. 1985).

Petitioners make a wholly conclusory statement to the effect that "the IRS did not comply with the administrative steps required by the Internal Revenue Code," Dkt. No. 1 at 5, but did not present specific facts and evidence that might show this to be true. *Crystal*, 172 F.3d at 1144. Petitioners' constitutional concerns are misplaced because summonses issued to third-party financial institutions do not implicate a taxpayers' Fourth or Fifth Amendment rights. *See United States v. Miller*, 425 U.S. 435, 442-43 (1976) (Fourth Amendment); *Fisher v. United States*, 425 U.S. 391, 397-98 (1976) (Fifth Amendment).

Consequently, the petition to quash is denied. The IRS may enforce the summonses.

**IT IS SO ORDERED.**

Dated: September 30, 2025

JAMES DONATO
United States District Judge

5